IN THE COURT OF APPEALS

FILED

**January 6, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

KOHN ASHMORE, b/n/f ANGELA ) HAMILTON CIRCUIT
ASHMORE and RODNEY ASHMORE his ) C. A. NO. 03A01-9706-CV-00201
natural parents and natural )
guardian and ANGELA ASHMORE )
and RODNEY ASHMORE, )
individually, )
)
Plaintiffs-Appellants )
)
)
)
)
)
vs. ) HON. ROBERT M. SUMMITT
) JUDGE
)
)
)
)
)
HAMILTON COUNTY, TENNESSEE, a ) AFFIRMED AND REMANDED
political subdivision of the )
State of Tennessee, )
)
Defendant-Appellee )


JOHN R. MELDORF, III, Hixon, for Appellants.


DAVID W. NORTON, Chattanooga, for Appellee.

McMurray, J.

The plaintiffs instituted this action against Hamilton County (defendant) charging that the defendant was negligent in maintaining Levi Road in that the county allowed shrubbery to grow along the right-of-way of Levi Road which impaired the vision of persons entering upon the roadway from adjacent properties. No roadway intersection was involved in the accident. The minor plaintiff, Kohn Ashmore, entered upon Levi Road from the lawn of property owned by a Mr. Sands. After a bench trial the trial court entered judgment in favor of the defendant. It is from this judgment that the plaintiffs' appeal. We affirm the judgment of the trial court.

The defendant filed an answer to the complaint relying upon the provisions of the Governmental Tort Liability Act, T.C.A. §§ 29-20-101, et seq., (GTLA). In this respect, the defendant asserts that the claim against it falls within the "discretionary function" exception to the removal of governmental immunity by the GTLA. Additionally the defendant asserted negligence on the part of the minor plaintiff and that he had assumed the risk and that the proximate cause of the accident was the negligence of Mr. Sanders. Defendant further avers that the parents of the minor plaintiff were guilty of negligence in failing to properly supervise the actions of the minor child. In an amendment to the answer, the

2

defendant asserted the defense of "accord and satisfaction" to the extent that any releases and settlements have been made by the plaintiffs as to any other parties.

The minor plaintiff, Kohn Ashmore, was eight years of age at the time of the accident and was seriously injured in a collision between a bicycle being ridden by him and an automobile being driven by Charles Sanders, Jr.[1]  The minor plaintiff was temporarily rendered a virtual quadriplegic, however, at the time of the trial he was able to walk and to use his upper extremities.

The plaintiff, Kohn Ashmore, was riding his bicycle on a mission to find his lost dog, Oreo.  He saw the dog on the west side of Levi Road.  At the time he saw his dog, the minor plaintiff was on his bicycle and upon the property of Mr. Robert Sands, which is located on the east side of Levi Road.  At the same time, Mr. Sanders was traveling south on Levi Road.  The hedge about which the plaintiffs complain was located on the east side of Levi Road and on the same side of the road where the minor plaintiff entered the roadway.  The hedge was in front of a part of the property owned by Mr. Sands which he had inherited from his mother, but ended at a point near the beginning of Mr. Sands' front lawn.  Mr. Sands' front yard was separated from the land he had acquired from his mother by a fence line.  It was near the end of the hedge row and near the intersection of the hedge row and fence line that the

---

[1]Sanders is not a party to this action.  The plaintiffs have settled their claim against him.

minor plaintiff rode his bicycle onto Levi Road.  There is no evidence in the record that the minor plaintiff stopped before entering upon Levi Road.  There was no driveway located near where the minor plaintiff entered the road. Mr. Sands' driveway was located some distance north of the spot where the minor plaintiff entered the roadway.

The case was tried without a jury.  At the conclusion of the evidence and after arguments of counsel, the trial court found that the "plaintiffs did not carry their burden of proof and that the evidence does not preponderate in favor of the plaintiffs ... ." Judgment was entered accordingly.

The plaintiffs present the following issues for our review:

1.    Whether the honorable trial court erred in failing to find that the defendant county had a duty of care to maintain its right-of-way to ensure an unobstructed view of the road where the defendant had both actual knowledge and constructive notice of the obstruction.

2.    Whether the honorable trial court erred in failing to apply comparative negligence to a negligence claim arising and tried after the effective date of the McIntyre decision.

3.    Whether the honorable trial court erred in holding that negligence per se barred recovery under comparative fault.

4.    Whether the honorable trial court erred in failing to compare the actions of the plaintiff minor child to the reasonable and prudent actions of a child of comparable age and experience.

4

The appellee also raises two issues. The disposition of the plaintiffs' issues will also dispose of the appellee's issues. Therefore, there is no reason to treat them separately.

Our standard of review is de novo upon the record, with a presumption of correctness of the findings of fact by the trial court. Unless the evidence otherwise preponderates against the findings, we must affirm, absent an error of law. See Rule 13(d), Tennessee Rules of Appellate Procedure. If the plaintiff is entitled to a judgment, appellate courts have a duty to render judgments which the lower court should have rendered. See e.g., Toomey v. Atyoe, et al, 32 S.W. 254 (Tenn. 1895), and Perry v. Carter, 219 S.W.2d 905 (Tenn. 1949). See also Rule 36(a), Tennessee Rules of Appellate Procedure. Thus it is incumbent upon us to make a complete review of the record and made a determination of whether the evidence preponderates against the findings of the trial court.

We will first note that all of the issues raised are couched as questions of law rather than fact. Out duty in deciding the issues is to determine whether the court misapplied the law to the facts as he found them to be, provided the evidence does not preponderate against the trial court's findings of fact. In the trial court's judgment, we are faced with two findings, either of which is sufficient to entitle the defendant to a judgment if properly supported by the evidence. They are: (1) that the matter of the hedges creating a defective roadway which could result in

5

injury to persons using the road was not foreseeable; and (2) that the existence of the hedge was not a proximate or legal cause of the injuries to the minor plaintiff.

The only eye witnesses to the accident were Mr. Sanders, the driver of the vehicle, and the minor plaintiff, Kohn Ashmore. Mr. Sanders, the driver of the car, did not testify. Other witness testified that they heard the collision but did not actually see the event. Kohn did testify, however, he was not asked and he did not state whether he stopped before entering upon the roadway. He identified the path he followed from Mr. Sands property onto the roadway as stated above, i.e., near the end of the hedge row and near the intersection of the hedge row and fence line.

The trial court's decision announced from the bench was not incorporated into the final judgment. In the decision announced from the bench the court made express findings "that this is not an unsafe roadway, that the matter of hedges being there was not foreseeable or a proximate or legal cause of this injury." Unless the evidence preponderates against these findings, the result reached by the trial court is correct and we must affirm.

An examination of stipulated exhibit number 2, while not drawn to scale shows that the hedge was located a short distance from the roadway. The record is completely devoid of any evidence that the minor plaintiff stopped his bicycle before entering upon the roadway from Mr. Sands' lawn. He simply stated when asked if he

6

could see through the fence row and hedge row, "I couldn't see too much, but I could see ahead of me." As noted earlier, Mr. Sanders, the driver of the car which struck the minor plaintiff, was not called as a witness.

Dr. Ronald B. Cox, Dean of the College of Engineering at the University of Tennessee at Chattanooga, was called and testified as an expert witness for the plaintiffs. He was questioned by the attorney for the plaintiff as to what he had reviewed to prepare for his testimony. His response was as follows:

> There were a number of things that were done, documents that were reviewed, including the officer's accident report. I also had the benefit of observing some photographs that were taken of the accident, accident scene. I had the opportunity to review statements of the witnesses. I also had the opportunity to visit the accident site, made personal measurements and also made my own photographs there at that time.
>
> *     *     *     *
>
> I think that's essentially what I have reviewed.
>
> *     *     *     *

During cross examination, Dr. Cox testified that he did not talk to Mr. Sanders; did not see the car other than photographs of it; he made no effort to try to talk to Mr. Sanders; he didn't talk to the minor plaintiff, Kohn Ashmore, nor to Mr. Rodney Ashmore. He estimated both on direct examination and cross examination that Kohn was traveling about five miles per hour on his bicycle. Dr.

7

Cox also testified that if the young man (Kohn) had been walking or had just stopped, then the impact would not have occurred.

In a de novo review, we must make our own independent judgment as to whether the plaintiffs carried their burden of proving that the hedge in question was a proximate cause of the accident and resultant injuries. Recovery in a negligence action may be had by plaintiff only if the defendant's conduct can be shown to be (1) negligence, and (2) a proximate cause of the injury. See Lancaster v. Montesi, 216 Tenn. 50, 390 S.W.2d 217 (1965).

"The term 'proximate cause' is not defined within the Governmental Tort Liability Act, Tennessee Code Annotated § 29-20-101, et seq. (1995 Supp.), and therefore the Court must rely upon the definitions of the term otherwise provided in the law. Proximate cause has been defined to be 'a cause which in natural and continued sequence produces the injury and without which the injury would not have occurred. Alessio v. Crook, 633 S.W.2d 770, 776 (Tenn. Ct. App. 1982) perm. app. denied." Crumley v. City of Smyrna, 1997 Tenn. App. Lexis 45 (Tenn. App. 1997).

> One's first inquiry, in analyzing a situation such as is before us, is whether the alleged acts of defendant were a cause in fact of the injury. If that inquiry shows that defendant's conduct, in point of fact was not a factor in causing plaintiff's damage, that ends the matter. ...

Tennessee Trailways, Inc., v. Ervin, 438 S.W.2d 733 (Tenn. 1969), citing Lancaster v. Montesi, supra.

8

In Roberts v. Robertson County Bd. of Education, 692 S.W.2d 863, (Tenn. App. 1985), this court made the following observations:

> The final element of proof in a negligence action is the issue of causation. This is the ultimate question. Lancaster v. Montesi, 216 Tenn. 50, 56, 390 S.W.2d 217, 220 (1965). A defendant in a negligence action cannot be found liable unless it has been determined that his conduct was the proximate cause of the plaintiff's injuries. While the proximate cause concept has been described in many ways, the Tennessee Supreme Court has described proximate causation as:
>
> > [t]hat act or omission which immediately causes or fails to prevent the injury; an act or omission occurring or concurring with another which, if it had not happened, the injury would not have been inflicted. (Citing Tennessee Trailways, Inc. v. Ervin, 222 Tenn. 523, 528, 438 S.W.2d 733, 735 (1969)).

Roberts v. Robertson County Bd. of Education, at page 871.

In reaching our independent judgment, we recognize that there may be more than one proximate cause of an accident. See Benson v. Tennessee Valley Elec. Coop., 868 S.W.2d 630 (Tenn. App. 1993) and Tennessee Trailways, Inc., supra. Looking to the totality of the evidence and the failure of the record to disclose whether the minor plaintiff, Kohn Ashmore, stopped before entering upon the roadway, and the testimony of Dr. Cox that the accident would not had have happened if he had stopped, we concur with the finding of the trial court that the plaintiffs failed to meet their burden of proving that even if the failure of the defendant to properly maintain the hedge on the right-of-way of Levi Road was negligence, that the defendant's negligence was not a proximate cause of the accident and resultant injuries. We are persuaded that the

proximate causes of the accident were the negligence <u>per se</u> of Mr. Sanders in exceeding the posted speed limit and the failure of the minor plaintiff, Kohn Ashmore, to stop before entering the roadway. Our finding that the hedge was not a proximate or legal cause of the accident and resultant injuries renders all other issues moot.

Accordingly, we affirm the judgment of the trial court. Costs of this appeal are assessed to the plaintiffs and this case is remanded to the trial court.

_____
                                        Don T. McMurray, Judge

CONCUR:

_____
Herschel P. Franks, Judge

_____
Charles D. Susano, Jr., Judge

10

IN THE COURT OF APPEALS

KOHN ASHMORE, b/n/f ANGELA        )   HAMILTON CIRCUIT
ASHMORE and RODNEY ASHMORE his    )   C. A. NO. 03A01-9706-CV-00201
natural parents and natural       )
guardian and ANGELA ASHMORE       )
and RODNEY ASHMORE,               )
individually,                     )
                                  )
        Plaintiffs-Appellants     )
                                  )
                                  )
                                  )
                                  )
vs.                               )   HON. ROBERT M. SUMMITT
                                  )   JUDGE
                                  )
                                  )
                                  )
                                  )
HAMILTON COUNTY, TENNESSEE, a     )   AFFIRMED AND REMANDED
political subdivision of the      )
State of Tennessee,               )
                                  )
        Defendant-Appellee        )

**JUDGMENT**

    This appeal came on to be heard upon the record from the

Circuit Court of Hamilton County, briefs and argument of counsel.

Upon consideration thereof, this Court is of the opinion that there

was no reversible error in the trial court.

    The judgment of the trial court is affirmed.  Costs of this

appeal are assessed to the plaintiffs and this case is remanded to

the trial court.

                        PER CURIAM